UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:17-CV-98-EBA

VERNA MAE ADAMS, PLAINTIFF,

V. **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL, *in her
official capacity as the Acting
Commissioner of the Social
Security Administration*, DEFENDANT.

## INTRODUCTION

Plaintiff, Verna Mae Adams, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to challenge Defendant Commissioner's final decision denying Plaintiff's application for Supplemental Security Income. [R. 1]. This matter has been referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c). [R. 16; R. 17; R. 18]. The specific matters currently before this Court include Plaintiff's Motion for Judgment on the Pleadings, [R. 13], and Defendant's responsive Motion for Summary Judgment, [R. 15]. Both matters are now ripe for decision, and, for the reasons discussed below, Plaintiff's Motion for Judgment on the Pleadings, [R. 13], shall be **DENIED**, and Defendant's Motion for Summary Judgment, [R. 15], shall be **GRANTED**.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff filed an application for supplemental social security income due to disability on February 27, 2014. [R. 11-1 at 20]. Her claim was denied for the first time on May 20, 2014. [*Id.*]. Plaintiff's claim was denied for the second time on July 8, 2014, following further administrative review. [*Id.*]. Additional hearings were held on September 18, 2015 and January 15, 2016. And,

on February 24, 2016, Plaintiff's claim was denied for the third time. [R. 11-1 at 17–28]. Plaintiff then filed an administrative appeal; on April 12, 2017, however, the Appeals Counsel declined review. [*Id.* at 2]. Plaintiff, having exhausted her administrative remedies, then sought review through an action in this Court, which she filed June 2, 2017. [R. 1].

Plaintiff has now moved for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), making arguments against only two of the Administrative Law Judge's ("ALJ") determinations. [R. 13]. First, Plaintiff alleges that the ALJ's determination of her residual functional capacity as defined by 20 C.F.R. § 416.945(a)(1) was not supported by substantial evidence, as the ALJ rejected the opinion of her treating physician and failed to consider the factors required under 20 C.F.R. § 416.927. [R. 13-1 at 8–14]. "This error is harmful because had the ALJ appropriately weighed Dr. Breeding's opinion, the ALJ would have found that Plaintiff is disabled." [*Id.* at 11]. Second, Plaintiff alleges the ALJ's determination of her lack of credibility as to the amount of work she is able to perform is not supported by substantial evidence. [*Id.* at 14–15]. The ALJ "failed to explain how he found the nature of her impairments credible, but not the assertion she is unable to work." [*Id.* at 15].

Responding to Plaintiff's Motion for Judgment on the Pleadings, Defendant filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(a). [R. 15]. Therein, Defendant emphasizes the deferential nature of substantial evidence review of the final action of an ALJ and state that the ALJ actually gave sound reasons for rejecting the opinion of Plaintiff's treating physician. [R. 15 at 4–10]. "The ALJ concluded that Dr. Breeding's opinion was entitled to little weight due to its inconsistency with the record, including Dr. Breeding's own treatment notes." [*Id.* at 6]. Similarly, Defendant argues that the ALJ correctly found Plaintiff's statements as to her ability to work

2

incredible. [*Id.* at 11–12]. Further, that "Plaintiff's specific criticisms are insufficient to overcome the deference owed to the ALJ as finder of fact." [*Id.* at 12].

## **JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGMENT STANDARDS**

This action is now before this Court on the parties' cross motions for summary judgment. [R. 13; R. 15]. Plaintiff styled her motion as one for judgment on the pleadings. [R. 13]. Although "a party may move for judgment on the pleadings," Fed. R. Civ. P. 12(c), if such a motion relies on matters outside the pleadings, as the Plaintiff's does, "the motion must be treated as one for summary judgment under Rule 56," Fed. R. Civ. P. 12(d).

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In making the determination as to whether summary judgment is warranted, "a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In such a case, summary judgment is warranted. *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). But there is "no express or implied requirement in Rule 56 that the moving party support its motion

3

with affidavits or other similar materials *negating* the opponent's claim." *Id.* As such, in some cases, the moving party may be "'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* (quoting Fed. R. Civ. P. 56). Such a motion "therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). This is so because "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 323–24. "[T]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland v. Mich. Dept. of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).

This standard is not altered upon the submission of cross motions for summary judgment. Upon encountering cross motions for summary judgment, a district court is not required to grant judgment for one side or the other. *Sedona Corp. v. Open Solutions, Inc.*, 646 F.Supp.2d 262 (D.Conn. 2009). Rather, each motion is considered on its own merits, taking care in each instance to draw the proper inferences against the party whose motion is being considered. *Id.*; *see, e.g., Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005); *Farmer's and Miner's Bank v. Terry Lee et al.*, 2017 WL 4707457 (E.D. Ky. Oct. 19, 2017) (No. 6:15-CV-64-HAI); *Leonel Miranda Martinez v. Steve Hiland et al.*, 2017 WL 4799861 (W.D. Ky. Oct. 24, 2017) (5:13-CV-P182-GNS) (citing *Anderson*, 477 U.S. at 252).

## STANARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 (citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994) (citations omitted). "If the Secretary's findings are supported by substantial evidence, then we must affirm the Secretary's decision even though as triers of fact we might have arrived at a different result." *Elkins v. Secretary of Health & Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

## I. Whether the Administrative Law Judge's Determination of Plaintiff's Residual Functional Capacity is Supported by Substantial Evidence

Plaintiff argues the ALJ's determination of her residual functional capacity is not supported by substantial evidence, as the ALJ was too quick to dismiss the testimony of Dr. Breeding and failed to properly consider the factors listed at 20 C.F.R. § 416.927. [R. 13-1 at 8–14]. Residual functional capacity ("RFC") is a claimant's maximum work capacity considering all the relevant information and despite the claimant's physical and/or mental limitations. 20 C.F.R. § 416.945(a)(1); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). A claimant's RFC is to be determined by an ALJ considering all of the relevant medical and other evidence. 20 C.F.R. § 416.945(a)(3). Medical evidence is explicitly to be considered, 20 C.F.R. § 416.927, as is the supportability, 20 C.F.R. § 416.927(c)(3), and the consistency, 20 C.F.R. § 416.927(c)(4), of that evidence with the other evidence in the record. Thus, "[a] statement by a medical source that you are "disabled" or "unable to work" does not mean that we *will* determine that you are disabled." 20 C.F.R. § 416.927(d)(1) (emphasis added). Final credibility determinations are generally left to the discretion of the ALJ. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir.2007).

Citing 20 C.F.R. § 416.967(b)—the regulatory definition of "Light Work"—the ALJ declined to find the claimant is disabled, despite her medical evidence promulgated by Dr. Breeding. [*See generally* R. 11-1 at 17–28]. Rather, the ALJ found "that the claimant has the residual functional capacity to":

> - Lift ten (10) pounds frequently and twenty (20) pounds occasionally;
> - Stand or walk six (6) hours in an eight-hour (8-hour) day;
> - Sit six (6) hours in an eight-hour (8-hour) day;
> - Occasionally climb ramps and stairs; while never climbing ladders, ropes or scaffolds;
> - Occasionally stoop, kneel, and crouch;
> - Never crawl;

> Avoid concentrated exposure to temperature extremes, humidity, vibration and dust, fumes, odors, gases, etcetera;
> Avoid all exposure to hazards such as moving machinery and unprotected heights;
> Understand and remember simple tasks requiring little independent judgment and involving minimal variation;
> Interact frequently with co-workers and supervisors for task completion with no more than occasional contact with the public; but
> Unable to maintain fast-paced production goals, quotas, etcetera.

[R. 11-1 at 25]. The ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements [of the rules and regulations]." [*Id.* at 25–26]. This includes the testimony and medical evidence of Dr. Breeding, which is specifically identified in the ALJ's decision on the matter. [R. 11-1 at 23]. Nonetheless, Plaintiff argues "Dr. Breeding's opinion should have been given controlling, or at least substantial weight." [R. 13-1 at 10].

An explanation of the "treating physician rule" is key to understanding this claim made by Plaintiff. Under the treating physician rule, an ALJ will give a treating source's opinion substantial weight. In cases such as this where the ALJ declines to give a treating source's opinion substantial weight, he or she must balance the following factors to explain the rejection of the treating source's opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d) [now 20C.F.R. § 1527(c)(2)(i)-(ii), (3)-(6)]; *see also* 20 C.F.R. § 927(c)(2)(i)-(ii), (3)-(6)). Even in the presence of these considerable factors, however, "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is *inconsistent* with the other substantial

7

evidence in the case record." SSR 96-2p, "Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions,"1996 WL 374188, *2 (July 2, 1996) (emphasis added). The Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are *consistent* with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347–48 (6th Cir. 1993) (emphasis added).

Thus, an ALJ may reject the testimony of a treating physician where it is inconsistent with the record or not supported by medically acceptable techniques. In so doing, however, an ALJ also has a duty to provide good reasons in the decision for the rejection. 20 C.F.R. § 404.1527(c)(2). "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Cole v. Astrue*, 661 F.3d 931, 938 (6th Cir. 2011) (quoting SSR 96-2p, 1996 WL 374188, *5). In fact, a court "will reverse and remand a denial of benefits, even though substantial evidence otherwise supports the decision of the Commissioner, when the ALJ fails to give good reasons for discounting the opinion of the claimant's treating physician." *Friend v. Comm'r of Soc. Sec.*, 374 F. App'x 543, 551 (6th Cir. 2010) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543–46 (6th Cir. 2004) (internal quotation marks omitted)).

Significantly, however, an ALJ is not required to explicitly discuss each factor involved in deciding whether to give the treating physician's opinion substantial weight. *Jachim v. Comm'r of Soc. Sec.*, 2014 WL 125891, 1* (W.D. Mich. Jan. 14, 2014) (citing *Francis v. Comm'r of Soc. Sec.*, 414 Fed. App'x 802, 804 (6th Cir. 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons .

. . for the weight . . . give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor analysis"); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ("[Plaintiff] cites no law, and we have found none, requiring an ALJ's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion.")). In addition, there are circumstances when an ALJ's failure to articulate good reasons for the weight accorded to medical opinions may constitute harmless error. These include: (1) situations where the treating source's opinion is so patently deficient that the ALJ could not possibly credit it; (2) where the ALJ adopts the opinion or makes findings consistent with the opinion; and/or (3) where the ALJ has complied with the goal of 20 C.F.R. § 1527(c)(2), by analyzing the physician's contradictory opinions or by analyzing other opinions of record. *Friend v. Comm'r of Soc. Sec.*, 374 F. App'x 543, 551 (6th Cir. 2010); *see, e.g.*, *Nelson v. Comm'r*, 195 Fed. App'x 462, 470–72 (6th Cir. 2006); *Hall v. Comm'r*, 148 Fed. App'x 456, 464 (6th Cir. 2006).

> The ALJ's comments on the opinion of Dr. Breeding include the following:
>
> In a medical source statement dated October 2, 2015, Dr. Breeding reported the claimant . . . has extreme pain, and she needs to elevate her legs due to pain, swelling, and other reasons. However, progress notes [also] dated October 2, 2015 [from Dr. Breeding] show [the] severity level was "moderate-severe," and the claimant described it as "an ache, diffuse, discomforting and dull."

[R. 11-1 at 23–24]. The ALJ later went on to note that Dr. Breeding's findings and notes were "given little weight as the severity of the limitations is not supported by the treatment notes from the same physician [Dr. Breeding] throughout the file." [*Id.* at 26]. Further, the "notation that the claimant needs to elevate her legs four times daily is not mentioned anywhere in the treatment notes and appears to be based on a subjective comment from the claimant to her doctor." [*Id.*].

As a result of these inconsistencies in the catalogue of evidence supplied by Dr. Breeding, the ALJ was not compelled to give that inconsistent evidence controlling, or even substantial

9

weight. *See Gaskin v. Comm'r of Soc. Sec.*, 280 F. App'x 472, 475–476 (6th Cir. 2008) (upholding a denial of benefits where the ALJ "clearly stated that he was rejecting [the] opinion because it was not supported by the medical evidence"); *Mitchell v. Comm'r of Soc. Sec.*, 330 F. App'x 563, 569 (6th Cir. 2009) ("A doctor's report that merely repeats the patient's assertions is not credible, objective medical evidence and is not entitled to the protections of the good reasons rule."). Inconsistency with the record as a whole and lack of credibility are specific "good reasons" on which an ALJ may decline to give the documents provided by a treating physician controlling weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d) [now 20 C.F.R. § 1527(c)(2)(i)-(ii), (3)-(6)]); *see also* 20 C.F.R. § 927(c)(2)(i)-(ii), (3)-(6). Thus, the ALJ not only had good reasons for refusing to give the claimant's treating physician's documents controlling weight, but the ALJ properly listed those reasons in his opinion. [R. 11-1 at 23–24; *id.* at 26].

Assuming error for the sake of argument, however, any error with regard to Dr. Breeding's testimony would be a harmless one. The ALJ complied with the goal of 20 C.F.R. § 1527(c)(2) by comparing Dr. Breeding's contradictory opinions with the objective evidence in the record, [R. 11-1 at 22–24; *id.* at 25–26], and by analyzing other opinions of record, [*Id.* at 22–24; *id.* at 25–26]. *Friend v. Comm'r of Soc. Sec.*, 374 F. App'x 543, 551 (6th Cir. 2010). Indeed, the ALJ not only considered the contradictory information submitted by Dr. Breeding, [R. 11-1 at 23–24, 26], but the ALJ also considered the opinions and testimony of the claimant herself and objective medical evidence provided by Dr. Dustin L. Johnson, Dr. Jennifer Wright, and Appalachian Regional Healthcare of Whitesburg, Kentucky, [*Id.* at 22–24]. Although the ALJ's opinion is not exhaustive, it is compendious, complying with the requirements of SSR 96-2p, 1996 WL 374188, 5* (July 2, 1996). [*Id.*]. Because the requirements of the Social Security Administration with

regard to the evaluation of medical evidence were complied with, and because any error presumed for the sake of argument would be harmless, the Plaintiff's contentions must fail. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). The ALJ's determination of her residual functional capacity is supported by substantial evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994); *Elkins v. Secretary of Health & Human Services*, 658 F.2d 437, 439 (6th Cir. 1981) ("If the Secretary's findings are supported by substantial evidence, then we must affirm the Secretary's decision even though as triers of fact we might have arrived at a different result.").

### II. Whether the Administrative Law Judge's Determination that Plaintiff's Testimony Regarding Her Ability to Work was Incredible is Supported by Substantial Evidence

Plaintiff's second and final argument is that the ALJ's determination of her lack of credibility as to the amount of work she is able to perform is not supported by substantial evidence. [R. 13-1 at 14–15]. The ALJ found that "the claimant was generally credible regarding the nature of her impairments." [R. 11-1 at 26]. But that "[t]he claimant was not credible in her assertion that she is unable to perform work activity consistent with [her] residual functional capacity." [*Id.*]. Plaintiff specifically asserts this determination was based on insufficient evidence because the ALJ "failed to explain how he found the nature of her impairments credible, but not the assertion she is unable to work." [*Id.* at 15]. As the Commissioner notes, however, "this argument appears to misconstrue the ALJ's actual finding." [R. 15 at 12]. "The ALJ accepted Plaintiff's testimony as it related to the 'nature of her impairments'—that is, that she has a pacemaker owing to a heart condition and some limitation due to degenerative disc disease of the lumbar spine." [*Id.* (citing [R. 11-1 at 22 ¶ 2, 26])]. "But the ALJ plainly did not accept Plaintiff's statements regarding her ability to lift, sit, stand, and lie down—if he had, the RFC finding would have looked far different from the RFC for a range of light work actually assessed." [*Id.* (citing R. 11-1 at 25 ¶ 4])].

11

In evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant. *See Kirk v. Secretary of Health and Human Servs.*, 667 F.2d 524, 538 (6th Cir.1981), *cert. denied*, 461 U.S. 957 (1983). Furthermore, an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility. *See Villarreal v. Secretary of Health and Human Servs.*, 818 F.2d 461, 463 (6th Cir.1987). Nevertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence. *See Beavers v. Secretary of Health, Educ. and Welfare*, 577 F.2d 383, 386-87 (6th Cir.1978). Agency regulations stipulate that the ALJ is required to consider all of the claimant's symptoms, including pain, but only to the extent those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). The ALJ, however, is not required to accept a claimant's testimony regarding limitations and pain when such testimony is not supported by the record. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). Nonetheless, if the ALJ does reject a claimant's testimony as incredible, "he must clearly state his reasons for doing so." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

Thus, the ALJ's credibility determination must be accompanied by a statement explaining the ALJ's reasons. Social Security Ruling 96-7p directs the ALJ to state "specific reasons for the finding on credibility, supported by the evidence in the case record, [which] must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statement and the reasons for that weight." SSR 96-7p, "Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements," 1996 WL 374186, *4 (July 2, 1996).[1] While it is

---

[1] SSR 96-7, 1996 WL 374186, was superseded by SSR 16-3P, 2016 WL 1119029, on March 16, 2016; which was itself amended and superseded on October 25, 2017, 2017 WL 5180304. The ALJ's decision for this matter, however,

true that the ALJ did not specifically cite to SSR 96-7, 1996 WL 374186, in the manner he cited to other Social Security Rulings, [*See, e.g.*, R. 11-1 at 26], the ALJ did specifically consider the factors listed in SSR 96-7, [R. 11-1 at 26]. Further, the ALJ specifically considered the factors listed in SSR 96-7 with regard to the credibility of the claimant, including her daily activities, the fact that the claimant's assertions of limited physical capability "are not supported by the medical evidence of record," and the inconsistencies in her medical record promulgated by Dr. Breeding. [*Id.*]. As the ALJ's credibility determinations are to be accorded substantial weight, and the ALJ did properly list his considerations in determining the claimant's lack of credibility, the ALJ's credibility decision stands as supported by substantial evidence. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) ("Notably, an ALJ's credibility determinations about the claimant are to be given great weight.").

## **CONCLUSION**

Pursuant to 42 U.S.C. § 405(g), this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). This Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted). Those determinations are left to the ALJ. *Id.* Here, the ALJ's decision must be affirmed, because his findings are supported by substantial evidence, and the claimant has failed to show otherwise. *Longworth*, 402 F.3d at 595. For that reason, Plaintiff's Motion for Judgment on the Pleadings, [R. 13], must be denied, and Defendant's Motion for Summary Judgment, [R. 15], must be granted. Indeed, "the existence of a mere scintilla

---

was released on February 24, 2016, [R. 11-1 at 28], more than one year before SSR 96-7 was superseded. As such, SSR 96-7, not SSR 16-3P, applies to this case.

of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland v. Mich. Dept. of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).

Thus, for the reasons discussed, based on the undisputed facts, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgement, [R. 15], is **GRANTED**. Plaintiff's Motion for Judgment on the Pleadings, [R. 13], is **HEREBY DENIED**. Judgment shall be entered affirming the final judgment of the Commissioner.

This the 18th day of January, 2018.

Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge